UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST et al.,<br><br>Plaintiffs,<br>v.<br><br>D CIULLA FLOORING LLC et al.,<br><br>Defendants,<br>v.<br><br>BOEING EMPLOYEES' CREDIT UNION,<br><br>Garnishee-Defendant. | CASE NO. 2:23-mc-00038-LK<br><br>ORDER DENYING THIRD AMENDED APPLICATION FOR WRIT OF GARNISHMENT |

This matter comes before the Court on Plaintiffs' Third Amended Application for Writ of Garnishment. Dkt. No. 7. The Court again declines to issue the proposed writ.

"Garnishment is a statutory remedy that requires strict adherence to the procedures expressly authorized by statute." *Watkins v. Peterson Enters., Inc.*, 973 P.2d 1037, 1043 (Wash. 1999). Although the Court appreciates Plaintiffs' clarification of its interest calculations on the underlying judgment, Dkt. No. 7 at 2–3, the Writ of Garnishment attached to Plaintiffs' application

ORDER DENYING THIRD AMENDED APPLICATION FOR WRIT OF GARNISHMENT - 1

fails to substantially comply with Section 6.27.100(1) of the Revised Code of Washington. *See* Dkt. No. 7-3. The statute directs that, among other requirements, a writ of garnishment must include the following language:

> FOR ALL DEBTS EXCEPT PRIVATE STUDENT LOAN DEBT AND CONSUMER DEBT:
>
> If you are a bank or other institution in which the defendant has accounts to which the exemption under RCW 6.15.010(1)(d)(ii)(A) applies and the total of the amounts held in all of the defendant's accounts is less than or equal to $500, release all funds or property to the defendant and do not hold any amount.
>
> If you are a bank or other institution in which the defendant has accounts to which the exemption under RCW 6.15.010(1)(d)(ii)(A) applies and the total of the amounts held in all of the defendant's accounts is in excess of $500, release at least $500, hold no more than the amount set forth in the first paragraph of this writ and any processing fee if one is charged, and release additional funds or property, if any, to the defendant.

Wash. Rev. Code § 6.27.100(1). Plaintiffs' Writ of Garnishment does not contain this language. There may be other shortcomings in Plaintiffs' application, but the Court need not examine it further.

As the Court previously cautioned, it "expects Plaintiffs to exercise due care in their application for garnishment and to avoid multiplying the matters before the Court by failing to exercise such care." Dkt. No. 6 at 2 & n.1. Plaintiffs are cautioned that future errors will result in sanctions. Plaintiffs may file a fifth application by June 20, 2023. If the Court does not receive an amended application by that date, it will direct the Clerk to close this matter.

Dated this 14th day of June, 2023.

*Lauren King*
Lauren King
United States District Judge